DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.                              ) | Criminal Action No. 2015-0018 |
| ) | |
| **DAMIAN LANG, SR.,**           ) | |
| ) | |
| Defendant.                      ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
   *For the Government*

**Yvette D. Ross-Edwards, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Damian Lang, Sr.'s "Motion to Preclude Evidence of Other Crimes and Prior Bad Acts" filed on May 10, 2016 (Dkt. No. 75). On May 16, 2016, the Government filed its Response (Dkt. No. 81). The Court held its pretrial conference on May 25, 2016, at which the parties presented oral argument regarding Defendant's Motion. For the reasons discussed below, the Court will deny the Motion.[1]

### I. BACKGROUND

On May 26, 2015, the grand jury returned an Indictment against Defendant charging the following two counts: (1) Conspiracy in violation of 18 U.S.C. § 371; and (2) Bank Robbery in

---

[1] On May 31, 2016, prior to the commencement of trial, the Court announced orally on the record that Defendant's Motion was denied, and that the opinion would be forthcoming.

violation of 18 U.S.C. § 2113(a) and 18 U.S.C.§ 2. (Dkt. No. 1). The Government alleges that at approximately 10:45 a.m. on September 2, 2014, Defendant and another individual entered the Bank of St. Croix at Gallows Bay in Christiansted wearing masks. (Dkt. No. 81 at 1). According to the Government, once inside, Defendant stole money from the tellers' drawers while his accomplice "brandished what appeared to be a handgun." (Dkt. No. 1 at 2). The Government further alleges that Defendant and his accomplice then "escaped in a vehicle, travelled a short distance to a nearby parking lot, changed vehicles and escaped with over $40,000." (Dkt. No. 81 at 1). Finally, it is alleged that, during the bank robbery, Defendant was on pretrial supervision for unrelated charges in the Superior Court of the Virgin Islands and was wearing a Global Positioning System ("GPS") ankle bracelet. (*Id.* at 3-4).

In his Motion, Defendant seeks to exclude, pursuant to Rule 404 of the Federal Rules of Evidence, evidence of other crimes and prior bad acts that he anticipates the Government will proffer. (Dkt. No. 75 at 1). Specifically, Defendant anticipates that the Government will offer evidence relating to "charges in Superior Court, [an] alleged association with a second bank robbery of the Bank of St. Croix, and pending charges in the District Court for ammunition possession." (*Id.* at 3). Defendant argues that the Government should be precluded from introducing any such evidence because (1) "[t]he Government has failed to comply with the notice requirements of Rule 404(b)"; (2) the evidence "does not qualify under the exception set forth by Rule 404(b) because the evidence cannot (and does not) prove motive, opportunity, intent, preparation, plan, knowledge, identi[t]y, or absence of mistake or accident"; (3) the evidence "is not relevant under Rule 402"; and (4) even if relevant, the evidence should be excluded under the balancing test of Rule 403 because the probative value "is outweighed by consideration of undue delay, prejudice, or waste of time." (*Id.* at 1-2).

2

The Government represents in its Response that Defendant's Motion as it relates to his alleged association with a second bank robbery and the pending charges of ammunition possession "[is] moot as the Government has no intention to introduce such evidence." (Dkt. No. 81 at 2). However, the Government acknowledges that it intends "to introduce evidence related to Defendant's Superior Court charges." (*Id.*). In particular, the Government will proffer evidence that the Superior Court had ordered Defendant to wear a GPS ankle bracelet so that his movements could be monitored remotely. (*Id.* at 3-4). Ultimately, the Government intends to show that the GPS ankle bracelet which Defendant was wearing was "in Gallows Bay Parking Lot, on September 2, 2014, minutes before the robbery, in the bank at the time of the robbery and at a nearby parking lot minutes after the robbery." (*Id.* at 4).

In its Response, the Government states that "[i]t is impossible to present evidence that Defendant wore the [GPS ankle] bracelet that was tracked to the bank without alerting the jurors that he was facing other charges in the Superior Court." (*Id.*). Nonetheless, the Government argues that the evidence of Defendant's GPS ankle bracelet that is tied to the existence of Superior Court charges does not trigger the requirements of Rule 404(b). (*Id.*). Specifically, the Government contends that this evidence is "intrinsic" because it "directly proves Defendant's guilt and thus is not [Rule] 404(b) evidence." (*Id.*). The Government further asserts that this evidence is relevant under Rule 402 and survives the Rule 403 balancing test. (*Id.* at 5).

## II.  APPLICABLE LEGAL STANDARDS

Under Rule 404(b) "evidence of other crimes, wrongs, or acts is not admissible to prove character or demonstrate action in conformity with those acts." *United States v. Steiner*, 815 F.3d 128, 135 (3d Cir. 2016). However, evidence of prior bad acts "may be admitted for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* (quoting Fed. R. Evid. 404(b)(2)) (quotations omitted).

3

"The 'permitted uses' of prior act evidence set forth in Rule 404(b)(2) are treated like exceptions to [the] rule of exclusion. As is generally the case with exceptions, the party seeking to admit evidence under Rule 404(b)(2) bears the burden of demonstrating its applicability." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). Moreover, merely listing the permitted uses set forth in Rule 404(b)(2) is insufficient. Rather, "unless the reason is apparent from the record . . . [courts] must put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit [the charged] crime." *Steiner*, 815 F.3d at 135-36 (quoting *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992)) (internal citation and quotations omitted). Articulating this chain of inferences furthers the purpose of Rule 404(b), which "is simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence. *No other use* of prior crimes or other bad acts is forbidden by the rule . . . ." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (quoting *United States v. Taylor*, 522 F.3d 731, 735-36 (7th Cir. 2008)) (internal citations and quotations omitted) (emphasis in original).

In order for evidence to be admissible under Rule 404(b), certain notice requirements apply. Specifically, Rule 404(b)(2) states that "[o]n request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). The Advisory Committee's Notes state that "[b]ecause the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Fed. R. Evid. 404 advisory committee's note to 1991 amendment.

Not all evidence of prior bad acts is subject to the requirements of Rule 404(b). As noted by the Third Circuit in *Green*:

> [M]odern cases divide evidence of other crimes and bad acts into two categories: those "extrinsic" to the charged offense, and those "intrinsic" to it. Extrinsic evidence must be analyzed under Rule 404(b); intrinsic evidence need not be. . . . [C]ourts today exempt intrinsic evidence from application of Rule 404(b) on the theory that there is no "other" wrongful conduct at issue; the evidence is admissible as part and parcel of the charged offense.

617 F.3d at 245. In the Third Circuit, evidence is "intrinsic" and thus not subject to the requirements of Rule 404(b) if it falls into one of "two narrow categories of evidence." *Id.* at 248. "First, evidence is intrinsic if it 'directly proves' the charged offense." *Id.* "Second, uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Id.* at 249 (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)) (quotations omitted).

### III. ANALYSIS

The Court finds that the evidence regarding Defendant's GPS ankle bracelet is intrinsic to the charged offenses and, therefore, is not subject to the requirements of Rule 404(b). The Court further finds that, even if the challenged evidence was subject to the requirements of Rule 404(b), those requirements are satisfied. Each finding provides an independent basis to deny Defendant's Motion.

#### A. Intrinsic Evidence

The Court concludes that the challenged evidence is intrinsic and, therefore, is not subject to exclusion under Rule 404(b).

The Government contends (and Defendant presents no argument to the contrary) that the entire case centers on identity. In other words, there does not appear to be any dispute that a bank robbery occurred. Rather, the issue is whether the Government can prove that Defendant was one

of the individuals who conspired to and ultimately robbed the Bank of St. Croix. To this point, the Government asserts that evidence showing (1) that Defendant was wearing a particular GPS ankle bracelet and (2) that the same GPS ankle bracelet was tracked at and around the scene of the crime during the bank robbery, "directly proves" that Defendant committed the charged offenses.

The Government's argument carries considerable force. To prove the charged offenses, the Government most show, *inter alia*, that it was Defendant who conspired and agreed with another to commit bank robbery, and that it was Defendant who knowingly took money from the Bank of St. Croix. (*See* Dkt. No. 1 at 1, 3 (describing charges of conspiracy and bank robbery, respectively)). Evidence showing that Defendant was wearing the particular GPS ankle bracelet that was allegedly tracked to the Bank of St. Croix during the robbery is intrinsic because it places Defendant at the scene of the crime and thus directly aids in the Government's proof that Defendant committed the charged offenses. *See United States v. Brunson*, 516 F. App'x 154, 158 (3d Cir. 2013) ("[W]e agree with the District Court that evidence of [the defendant's] gun possession was intrinsic to the 18 U.S.C. § 924(c) charges, as § 924(c) requires the government to prove that [the defendant] possessed a firearm."); *United States v. Fitzgerald*, 496 F. App'x 175, 180 (3d Cir. 2012) (holding that pre-conspiracy evidence was properly admitted as intrinsic evidence of a drug distribution conspiracy where such evidence "support[ed] the jury's conclusion" that the Government proved the elements of the charged offense); *cf. Green*, 617 F.3d at 249 (holding that evidence of the defendant's threat to kill a third party with dynamite was not intrinsic evidence because "it did not directly prove that [the defendant] attempted to possess cocaine with intent to distribute" and did not meaningfully facilitate the defendant's attempt to procure cocaine).

Defendant notes that the Government is not simply seeking to introduce evidence that Defendant was required to wear a GPS ankle bracelet and that the same ankle bracelet was tracked

to the bank during the robbery, but is also seeking to introduce GPS data regarding Defendant's whereabouts several months prior to the bank robbery. Defendant argues that such evidence is too far removed from the charged offenses to constitute intrinsic evidence. Defendant further argues that allowing evidence of this sort opens the door to a wide breadth of evidence showing where Defendant should and should not have been during his monitored supervision, and would allow the Government to showcase specific instances in which Defendant was in an allegedly unauthorized location. Such evidence, Defendant argues, is not relevant to the bank robbery but rather would put Defendant on trial in a series of mini-trials for the unrelated issue of whether he violated the terms of his monitored supervision.

The Court concludes that the evidence the Government seeks to introduce regarding Defendant's whereabouts is intrinsic evidence, even though such evidence may concern events that happened several months before the bank robbery. Such evidence would bear directly on whether Defendant was, in fact, the person wearing the GPS ankle bracelet that was tracked to the crime scene.[2] Evidence showing that a GPS ankle bracelet was tracked to the bank during the robbery is only relevant if the Government can also show that Defendant was wearing that same ankle bracelet. To establish this link, the Government intends to offer evidence matching the location of the ankle bracelet and the location of Defendant at times and places other than the scene of the crime, as corroborated by evidence confirming Defendant's whereabouts at these other times and places. The Court finds that such evidence is intrinsic to the charged offenses because it links Defendant to the ankle bracelet.

---

[2] The Government also argued that evidence of the Order from Superior Court requiring Defendant to wear the GPS ankle bracelet is intrinsic because it links the ankle bracelet to Defendant. The Court agrees.

Moreover, Defendant's argument regarding the potential breadth and prejudicial nature of the tracking evidence will be addressed by narrowing the scope of the Government's evidence regarding Defendant's whereabouts. During the pretrial conference, the Government agreed that GPS tracking evidence regarding Defendant's location, other than on the day of the robbery, would be limited to placing Defendant at the Superior Court, his residences, and the authorized route Defendant took to reach the two locations.[3] Based on this factual context, the Court concludes that the evidence the Government will seek to introduce is relevant intrinsic evidence that passes muster under Rule 403 of the Federal Rule of Evidence.

In sum, the Court concludes that the evidence the Government will seek to introduce regarding Defendant's GPS ankle bracelet is intrinsic. Both the evidence showing that Defendant was wearing a particular GPS ankle bracelet and evidence showing the same ankle bracelet was at the bank during the robbery bears directly on an essential element of the charged offenses—namely, the identity of Defendant. Accordingly, such evidence is not subject to Rule 404(b). *See Brunson*, 516 F. App'x at 158; *Fitzgerald*, 496 F. App'x at 180.

### B.  Compliance with Rule 404(b)

Even assuming that evidence regarding Defendant's GPS ankle bracelet is not intrinsic, the Court still finds that the challenged evidence is not subject to exclusion under Rule 404(b).

---

[3] Defendant agreed that this limitation would address the concerns raised regarding tracking evidence prior to the date of the robbery. The Government also agreed that if it sought to introduce any other such tracking evidence, it would provide advance notice to Defendant and to the Court.

In a subsequent colloquy with the Court on June 1, 2016, it appeared that counsel for Defendant was attempting to retract her earlier agreement regarding the efficacy of the Government's limitation regarding tracking evidence prior to the date of the robbery on the concerns raised by Defendant. With or without Defendant's agreement, the Court's conclusion herein remains unchanged.

Defendant's initial argument as to why the evidence relating to his pending Superior Court charges (and by implication evidence of the GPS ankle bracelet) must be precluded under Rule 404(b) is insufficient notice. Defendant argues that the Government's Response to his Motion—in which the Government acknowledges that it will seek to introduce aspects of the pending Superior Court charges that are related to the GPS ankle bracelet—is insufficient notice for two reasons. First, Defendant argues that Rule 404(b) requires a separate, written notice and that any written information the Government provided is improperly shrouded within its Response to Defendant's Motion. Second, Defendant argues that the Government's Response, which was filed approximately two weeks before trial, is untimely. Under the circumstances here, the Court finds both of these arguments unpersuasive and concludes that the Government provided sufficient notice.

Rule 404(b) does not contain either a strict time or content requirement for notice. The text of the Rule notes that the prosecutor must "provide *reasonable* notice of the *general nature* of any such evidence that the prosecutor intends to offer at trial" and that the prosecutor must "do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2) (emphasis added). Indeed, the Advisory Committee's Notes to Rule 404 state that this lack of strict requirements was intentional:

> The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case.
>
> Likewise, no specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts.

Fed. R. Evid. 404 advisory committee's note to 1991 amendment (internal citations omitted).

The Advisory Committee's acknowledgment that "what constitutes a reasonable . . . disclosure will depend largely on the circumstances of each case," *id.*, is especially relevant here. The Government's Response to Defendant's Rule 404(b) challenge is that Rule 404(b)—and thus its notice requirement—is inapplicable because the challenged evidence is intrinsic evidence. (*See* Dkt. No. 81 at 4). As discussed above, the Government's position in this regard is well founded. Thus, the timeliness and propriety of notice to Defendant must be considered in the context of the Government's legitimate belief that no notice was required.

With this context in mind, the Court rejects Defendant's proposition that the Government's Response to his Motion cannot serve as notice because the relevant information is not contained in a separate filing. In addition to the fact that the Government reasonably believed that no notice was required, the Advisory Committee's Notes to Rule 404(b) state that "no specific form of notice is required." Fed. R. Evid. 404 advisory committee's note to 1991 amendment. Here, the Government's Response addresses Defendant's Rule 404(b) challenge by stating that the Government will seek to introduce evidence regarding the pending Superior Court charges. (Dkt. No. 81 at 2). Moreover, the Government's Response provides details about the evidence it will seek to introduce and why it believes such evidence is relevant—specifically, that the Superior Court required Defendant to wear a GPS ankle bracelet and the bracelet's connection to the crime scene. (*Id.* at 3-5). Thus, even assuming that Rule 404(b) applies, the Government's Response satisfies the "generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." Fed. R. Evid. 404 advisory committee's note to 1991 amendment. To find that Rule 404(b) precludes the challenged evidence because this

information was contained in a response to a motion *in limine* as opposed to a separate notice would, under the circumstances here, elevate form over substance.

Likewise, the Court is not persuaded by Defendant's unsupported assertion that Defendant's Response was untimely for purposes of Rule 404's notice requirement. Again, in addition to the Government's reasonable belief that no notice was required, the Government's Response to Defendant's Motion was filed on May 16, 2016—fifteen days before trial—and the parties were able to argue their positions at the subsequent pretrial conference.[4] Thus, even without considering the Government's reasonable belief that no notice was required, the Government's Response was timely for purposes of Rule 404(b). *See United States v. Long-Parham*, 2016 WL 1644382, at *3 (W.D. Pa. Apr. 25, 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient." (citing *United States v. Evangelista*, 813 F. Supp. 294, 302 (D.N.J. 1993) (ten days); *United States v. Alex*, 791 F. Supp. 723, 728–29 (N.D. Ill. 1992) (seven days); *United States v. Williams,* 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (ten days))).

Having determined that the Government's Response constitutes sufficient notice under Rule 404(b), the Court now examines the Rule's substantive requirements and concludes that the challenged evidence is admissible under Rule 404.

Evidence admitted pursuant to Rule 404(b) must satisfy the following four-part test:

> To be admissible, prior-act evidence must satisfy the test set forth in *Huddleston v. United States.* As the Supreme Court stated there, the proffered evidence must be: (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested.

*Steiner*, 815 F.3d at 135-36 (omitting internal citations).

---

[4] This Court often hears arguments on motions *in limine* at pretrial conferences.

Here, the first two requirements of Rule 404(b) (that the evidence is offered for a proper purpose and is relevant to that purpose) are satisfied. Evidence regarding Defendant's GPS ankle bracelet is relevant to show Defendant's identity as one of the alleged bank robbers. As the Government asserted, "[e]vidence regarding the installation of the GPS unit on Defendant is critical to identify who was wearing it when it was at the scene of the robbery" and supports the Government's theory that "Defendant was one of the two masked individuals who committed the robbery." (Dkt. No. 81 at 4). Likewise, the evidence would also be relevant to show helpful background information—specifically, that Defendant was required to wear a GPS tracking device. *See Steiner*, 815 F.3d at 136 (noting that, in some instances, "allowing the jury to understand the circumstances surrounding the charged crime—completing the story—is a proper, non-propensity purpose under Rule 404(b)"); *Green*, 617 F.3d at 250-52 (holding that background information of the defendant's prior death threat was admissible under Rule 404(b) because it "fit into a logical chain of inferences" and explained why the defendant was being investigated for the charged crime). There is a clear "chain of inferences" making evidence regarding Defendant's GPS ankle bracelet relevant, and this chain of inferences does not include "the [prohibited] inference that the defendant has a propensity to commit this crime." *Steiner*, 815 F.3d at 36. In particular, it could be inferred that: (1) By court order Defendant was wearing a GPS ankle bracelet; (2) The GPS ankle bracelet allowed Defendant's whereabouts to be tracked and monitored; (3) The GPS ankle bracelet was at the bank during the robbery; and (4) Defendant was one of the masked bank robbers. This "chain of inferences" is highly probative and does not require the jury to find that because Defendant has pending charges in Superior Court, he has a propensity to rob banks.

The third requirement—that the evidence is sufficiently probative under the Rule 403 balancing test—is also satisfied. Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . [*inter alia*] unfair prejudice." Fed. R. Evid. 403. GPS data showing that Defendant's ankle bracelet was at the bank during the time of the robbery is highly probative of, and critical to, the Government's contention that Defendant was one of the perpetrators of the robbery. Indeed, the Government notes that "no witness is expected to identify any of the robbers" and that "[e]xclusion of the evidence will thus severely (if not fatally) weaken the Government's case." (Dkt. No. 81 at 5). Although evidence that Defendant was required to wear an ankle bracelet will likely indicate to the jury that he was being charged with another criminal act, the danger of unfair prejudice this will cause does not substantially outweigh the evidence's high probative value. Accordingly, the Court rejects Defendant's arguments that the evidence fails to satisfy the balancing test of Rule 403.

Thus, the Court concludes that the evidence regarding Defendant's GPS ankle bracelet satisfies the first three requirements of the Rule 404(b) analysis. In reaching this conclusion, the Court finds the recent decision of *United States v. Hemphill*, 2016 WL 1319363, at *1 (5th Cir. Apr. 4, 2016) to be persuasive. In *Hemphill*, the defendant was being charged with selling crack cocaine. *Id.* Although an undercover police officer videoed the drug sale, because of poor lighting the video did not conclusively identify the seller. *Id.* However, the video did show light emanating from the seller's ankle. *Id.* Over the defendant's objections, the district court permitted evidence that the defendant was wearing a GPS ankle bracelet during the time of the sale, which emanated light. *Id.* Additionally, the district court permitted the defendant's pretrial services officer to testify that GPS data from the ankle bracelet showed that the defendant was within a 600-foot radius of the location of the sale when it occurred. *Id.* The Fifth Circuit rejected the defendant's argument

13

that this evidence should have been precluded under Rule 404(b), reasoning that "evidence of the ankle monitor was probative of identity and opportunity, and was properly admissible for those purposes." *Id.* at 4. The Fifth Circuit went on to conclude that because in part the evidence was "critical to the Government's case," "the prejudicial effect of the evidence at issue did not substantially outweigh its probative value." *Id.* The same conclusion obtains here.

Finally, the requirement that admission of evidence be accompanied by a limiting instruction, if requested, can also be satisfied here. Given the stage of the proceedings, there is ample time to ensure that an appropriate limiting instruction accompanies introduction of the evidence. Indeed, the Government has already submitted a "Notice Re[garding] Supplemental Instruction" that contains a draft limiting instruction that would advise the jury "not to speculate as to the guilt or innocence of the defendant concerning any matter that was pending in the Superior Court . . . in determining whether the defendant committed the crimes charged in the indictment." (Dkt. No. 97-1 at 1).

Thus, the Court concludes that evidence regarding Defendant's GPS ankle bracelet—although it implicates Defendant's pending Superior Court charges—is permissible under Rule 404(b).

## IV.  CONCLUSION

The Court finds for two independent reasons that the admission of evidence regarding Defendant's GPS ankle bracelet is not precluded under Rule 404(b). First, the evidence is intrinsic to the charged offenses and, therefore, is not subject to the requirements of Rule 404(b). Second, even if the challenged evidence was extrinsic, it nonetheless satisfies the requirements for admission under Rule 404(b). Based on the foregoing, the Court will deny Defendant's Motion to Preclude Evidence of Other Crimes and Prior Bad Acts.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 1, 2016                                               _____/s/_____
                                                                                WILMA A. LEWIS
                                                                                Chief Judge